DuBose, administrator, *vs.* Ball.

I. A paper signed by the heirs at law of an estate authorizing the administrator to settle certain land sales of the intestate, was properly admitted in evidence to show authority in the administrator to receive from one of the purchasers the purchase price of that portion of which he was in possession and which he had improved, and thus to vest a perfect equity in him against that heir, being *sui juris,* to whom this part fell in the division of the estate.

2. Minors of the estate were not interested because the land had been divided, and this share fell to another who was *sui juris,* and the court was right to instruct the jury that if this party assented to the settlement by the administrator, she was estopped from setting up title against the settlement so made by her consent.

3. Where the plaintiff purchased and went into actual possession of four acres of land, and fenced in the same and erected a dwelling thereon, and paid the purchase money therefor to the administrator of the vendor by consent of the heir at law to whom it fell on division, he will acquire a perfect equity thereto against such heir at law and those acquiring title under her during his possession, and may recover thereon in ejectment.

Evidence. Contracts. Minor. Title. Ejectment. Equity. Before Judge POTTLE. Wilkes Superior Court. May Term, 1879.

Reported in the opinion.

D. M. DuBose; W. M. & M. P. Reese; D. A. Vason, for plaintiff in error.

S. H. Hardeman; Sims & Shubrick, for defendant.

Jackson, Justice.

This was an action of ejectment brought by Ball, a colored man, against "The Sisters of the Order of St. Joseph, of Washington, Ga.," for the recovery of three acres of land in the town of Washington. The sisters called upon their grantor, Martha Andrews, to make good her title, who, in her turn, vouched the plaintiff in error, DuBose, or the estate

of Wylie which he represented, and they were made parties defendants.

Ball held under the estate of Wylie also, so that plaintiff and original defendants held under the same grantor, and the sole question is, did the plaintiff have title from the estate of Wylie or from Wylie?

The plaintiff showed no written title, but claims that he had a perfect equity which entitles him to recover in ejectment.

That equity consists of the possession of the land—four acres—which he bought from Wylie, and improved by fencing it in and building thereon the dwelling wherein he lived, and payment of the purchase money, to-wit: $100.00. The payment of this money was made to the former administrator of Wylie—after his death, of course, and the question is, does this payment, under the facts of this case, make such a perfect equity as will authorize a recovery in ejectment?

Perhaps there might be doubt whether the payment could be made to the administrator so as to vest the legal title without going into equity, and thus pass the title out of the estate, without the assent of the heirs, inasmuch as the title vested in the heirs at the death of Wylie; and the administrator could only administer the realty in the teeth of their title in order to pay debts. However that may be, the facts of this case take it without the difficulty suggested. Martha Andrews signed a paper which authorized the administrator to settle the claim of certain freedmen (of whom doubtless the plaintiff is one) who had bought land of the estate of Wylie, of which she was the only heir interested in this land. The lands left by Wylie were duly divided, and this part fell to her; and she sold to the Sisters land thus falling to her in the division, three acres of which the plaintiff had bargained for with Wylie, was in possession of, and afterwards, with her consent, arranged with the administrator by paying him for it. Her consent that the administrator have power to settle with the freedmen also

relieves the case of the difficulty suggested that. Ball paid no interest. Whether interest was due or not does not appear, but if due, the administrator had the authority to settle from Martha Andrews, and his settlement binds her.

1. We think, therefore, that the court did not err in overruling the motion for a new trial. The agreement in writing was properly admitted in evidence, because it may well bear the construction that it authorized the administrator to settle with the plaintiff. It not only waived notice of any judicial proceeding which might be instituted in respect to defective title to the land, but it expressly "authorized the administrator to proceed and settle the same according to his judgment and the best interest of the estate." Therefore the court was right to admit the paper as against Mrs. Andrews.

2. The court was also right in charging to the effect that though the paper might not bind the minors of the Wylie estate, who signed by guardian, yet that it did bind Mrs. Andrews, who was *sui juris*, and estop her from setting up title against the plaintiff.

3. The facts show a perfect equity against Mrs. Andrews, as party made defendant and the grantor of the Sisters of St. Joseph, who bought during plaintiff's possession, and the verdict and judgment are right.

Judgment affirmed.