THE CARVER COTTON GIN COMPANY *vs.* BARRETT & CASWELL *et al.*

This being a bill to recover a one-third interest in certain property al-leged to have been illegally sold at sheriff's sale for taxes and bought in by a co-tenant or joint owner with complainant, and the bill failing to show title, either legal or equitable, in complainant, a de-murrer was properly sustained.

Equity.   Title.   Taxes.   Before Judge SNEAD.   Rich-mond Superior Court.   October Term, 1880.

Plaintiffs in error brought their bill to the October term, 1878, of Richmond superior court, against Barrett & Cas-well, and Charles H. Sibley, as sheriff, alleging that it was a Massachusetts corporation.   That Robert Schley being largely indebted to it, on April 26th, 1877, made and de-livered to it a deed "to the undivided one-third inter-est in all that tract or parcel of land   *   *   *   known as Belleville Factory, together with the charters, acts of in-corporation and franchises connected therewith," "to se-cure the payment thereof (*i. e.* of the debt) as authorized and provided by law."   And it gave to the said Schley its bond "to reconvey said property upon the payment of the aforesaid sum."   That in 1878 the tax collector of said county issued executions against "Robert Schley as agent of the Belleville Factory property," for state and county taxes for the years 1875, 1876, 1877, amounting in the aggregate to $275.50, and placed the same in the hands of said sheriff.   That at said time Barrett & Cas-well also owned an undivided one-third interest in said property, and were in possession of the same and were using for their own purposes (or renting the same and re-ceiving rent therefor) the land and numerous buildings upon said property to an amount largely in excess of the taxes due thereon.   That before levy payment of said tax executions was demanded of said Barrett & Caswell by said sheriff, and payment refused by them, with in-

structions to said sheriff to levy upon and sell said property; whereupon said sheriff levied upon the whole of said property, consisting of two separate and distinct tracts of land. That the tract known as the Belleville Factory tract embraces the Belleville Factory site of that name, and has upon it a valuable water power and valuable franchises, charters, acts of incorporation, etc., for factory or milling purposes, together with the fixtures and appurtenances of the old Belleville Factory, with numerous buildings, operatives' houses, etc. The property thus levied upon was worth $10,000.00, and was returned, assessed and taxed at that valuation. That said property was sold as levied on upon said tax executions, and knocked down to said Barrett & Caswell, through Armstrong, for $400.00, and a deed taken therefor from said sheriff. That on August 29th, 1878, and within the time required by law, complainant tendered to said Barrett & Caswell the one-third part of said amount so paid by defendants for the property at said sale for taxes, together with the damages or interest provided by law, and demanded of said defendant a conveyance of said one-third interest, which said tender was refused by the defendants, and a reconveyance of the one-third interest also refused. That in the course pursued by them the defendants have consummated a preconceived determination and scheme to get an unconscientious and illegal advantage of complainants and the other owners of said property, by getting a title to the whole of this valuable property at a trifling and wholly inadequate consideration. That the levy upon and sale of both parcels or tracts of this property, together and at one time, being separate and distinct parcels and a mile apart, to satisfy an execution for only two hundred and seventy-five dollars and costs, was grossly excessive and unnecessary, and therefore absolutely null and void.

The prayer was that the sheriff's deed to defendants be decreed to be absolutely null and void, and the same delivered into court for cancellation as a cloud upon the

title of the property; or should it be determined that said sale was a valid and binding sale, under the facts and circumstances hereinbefore set forth, then that the defendants, Barrett & Caswell, may be decreed to convey to your orators their one-third interest in said property as demanded, and for general relief.

The deed to complainant was from William Schley, trustee of the wife and children of Robert Schley, the said Robert and his wife Virginia, and recited as a reason for thus conveying trust property to complainant, that the said Robert was indebted at the time he made the trust deed in favor of his wife and children, and was then (April 26th, 1877,) still indebted the same amount of $3,969.71 to the Carver Cotton Gin Company. The notes annexed to the deed are dated April 26th, 1877, and signed by Robert Schley alone.

The sheriff's deed (added by amendment) shows that the tax executions issued against Robert Schley, agent of the Belleville Factory property; that notice of levy was served on Robert Schley, agent, in possession for the owners, and the property was sold May 7th, 1878, to Barrett & Caswell, for $400.00, and it is recited therein as being the same property described in deed from George Schley to the Belleville Factory, dated April 13th, 1863.

The factory was incorporated February 17th, 1854.

Defendants demurred for want of equity, for want of proper joinder of parties, and because complainant had no sufficient title to authorize them to redeem alone. The demurrer was sustained, and complainant excepted.

FOSTER & LAMAR, for plaintiff in error.

FRANK H. MILLER, for defendants.

JACKSON, Chief Justice.

The court below sustained the demurrer to the bill of complainant, and to that judgment the complainant excepted.

The bill is brought by the Carver Cotton Gin Company, a Massachusetts corporation, to recover from the defendants, Barrett & Caswell, the one-third interest of that corporation in certain lands sold for taxes and bought by defendants on the ground that defendants are tenants in common with this corporation, fraudulently got the land sold for taxes and bought it in at a very inadequate price.

The title which the corporation shows to the third part of the land is a deed from Schley, trustee, to it to secure a debt of Schley's, contracted perhaps before the trust deed of Schley to his wife and children. This deed is made under the act of 1871, codified in section 1969, with bond for titles back to the grantor on payment of the debt, and its legal effect passed title by the express provisions of the act, as often ruled by this court, to the grantee.

Conceding that a complainant may make an equitable case against a tenant in common to recover lands thus sold for taxes, the question which meets us here *in limine* is, does this complainant show by the bill that it is a tenant in common.

While this court recognizes the rule of comity, by which foreign corporations are permitted the privileges in this state which are granted them in other states, under our Code, §1675, yet we are not informed whether this corporation has, by charter, the right to hold real estate in Massachusetts, for its charter is not set out in the bill, nor is any statute of Massachusetts therein stated which grants it such a franchise. A corporation lives only by the breath which the legislature gives it, and can move nowhere and hold nothing, unless the power be granted by its creator.

It may hold in Georgia what it had the power to hold in Massachusetts, unless against public policy here, but certainly nothing more. Courtesy to Massachusetts extends no further than to permit her child to do here what the child may do at home.

Again, it is nowhere shown in this bill what powers were conferred on Schley, trustee, by the deed from his brother in trust for the latter's wife and children. The trust deed is not set out, nor is there any allegation that the trustee could sell the land, or on what terms and conditions; and there is no order of chancery or any court to authorize this sale to secure this debt. Therefore the title to this tenancy in common through this trust deed breaks down again at the threshold of this case.

It would seem, too, that this foreign corporation took, if at all, only an interest in a subsisting corporation here, the Belleville Factory Company, one-third part of the stock thereof, and that this corporation could redeem as owner, perhaps, but not one of the corporators certainly. Therefore no construction, however liberal, which could be given section 898 of our Code, granting the privilege of redeeming land sold for taxes to the owner thereof, can enure to the benefit of this party, if the owner be a corporation, and it a mere stockholder therein.

Besides all this, it is very clear that there is another owner of one third interest in this matter, whether it be the land itself or shares in the factory, and that owner ought to have been made a party to this bill. No reason is given why that one-third interest is not represented and the owner of it made a party. Perhaps the corporation, the Belleville Factory Company, owns that one-third itself. It certainly once had title to all this land, and nowhere does this bill in this record show how it ever parted with that third interest, even if it did make the Schleys and Barrett & Caswell tenants in common with itself by conveying two thirds to them. The land was sold by the sheriff as its property, that of the Belleville Factory, and it should certainly have been made a party. The *cestui que trusts*, too, of the Schley deed, and the trustee, and the holder of the bond for titles are not made parties, and it would seem that they ought to have been joined.

We rest our judgment of affirmance, however, on the

point that this complainant has not shown any title, legal or equitable, to this land, and hence had no right to redeem it either at law or in equity. The judgment dismissing the bill for want of equity therein is therefore affirmed.

Judgment affirmed.