## BASS *v.* AFRICAN METHODIST EPISCOPAL CHURCH.

1. This case has previously been presented to this court for review of the court's rulings upon demurrer. *Bass* v. *African Methodist Episcopal Church,* 150 *Ga.* 452 (104 S. E. 437). At the time the previous writ of error was sued out there were pending in the lower court exceptions pendente lite to the judgment of the trial court upon the pleas in abatement which are now presented, which could have been presented to this court at one and the same time. This court will not take two bites at a cherry. "It will not do to allow" a party "to bring his case up in sections, whether there is a trial of it by a court divided in sections or not; he must bring up his whole case as he expects to stand upon it for all time; and if he does not do it, neither he nor his friends can repair the error afterwards." *Daniel*

v. *Towers*, 79 *Ga.* 785 (7 S. E. 120). So in the present case this court will not determine the merits of the pleas in abatement. When a review of the judgment of a lower court upon points preserved by exceptions pendente lite is asked, a party must present all of such exceptions then pending, together in his first bill of exceptions, or be barred from thereafter presenting the case piecemeal.

2. There is no merit in the exceptions to the excerpts from the charge of the court, as set forth in the 4th, 5th, and 6th grounds of the amendment to the motion for a new trial, for any reason assigned in any of these grounds.

(*a*) Each of these instructions was a correct and fair presentation of the plaintiff's contentions as presented by the petition and by evidence in support thereof, and none of them was confusing to the jury.

(*b*) In the 7th ground it is insisted that the court erred in charging the jury that the defendant admits that on November 19 he received $5 from the plaintiff in this case, or from the trustees as is set forth in his answer. No error. It is admitted in the answer of the defendant that he received the $5 as a payment on the land in question; and that he did not specifically admit that he received it from the trustees is an immaterial inaccuracy. Even if the jury could have supposed that the court meant to incorporate into the defendant's admission that he received $5 the further admission that this $5 was paid by the trustees, the inaccuracy was not harmful, because there was evidence which was undisputed that the parties who paid the $5 were trustees of the plaintiff.

(*c*) Considering the extract of the charge as set forth in the 8th ground in the light of the entire charge, it was not error to instruct the jury, that, "where the defendant states in his answer that certain paragraphs can not be admitted or denied for want of sufficient information, the burden of proof would be upon the plaintiff to satisfy the minds of the jury, by a preponderance of the evidence, of the truthfulness of such paragraphs; that is, the law places the burden upon the plaintiff to satisfy the minds of the jury, by a preponderance of the testimony, of the truthfulness of all the paragraphs that are not admitted by the defendant's answer as being true." This is a correct statement of the law, and it was not inapplicable or erroneous for the court to give this instruction without charging in the same connection that where specific performance of a parol contract for land is sought to be enforced, the contract must be proved beyond a reasonable doubt, inasmuch as the agreement of sale was, in the present case, evidenced by writing.

(*d*) For the same reason as last stated it was not error to instruct the jury as to the code definition of the term "preponderance of the testimony." Civil Code, § 5731.

3. It is never error to give a jury proper precautionary instructions warning them not to be influenced by the result of finding of the same case upon a former adjudication thereof. In the present case, under the rulings of the judge, neither estoppel by judgment nor res adjudicata was involved in the trial. The instructions given as quoted in the 10th ground were not prejudicial or opinionative, and were authorized by the evidence, and the exceptions to the same are based

upon a theory wholly at variance with the rulings of the court in passing upon the pleas in abatement, and therefore were properly disregarded by the lower court and can not be considered here.

4. The trial judge properly construed the writing, which definitely and particularly described the land which was the subject-matter of the agreement, and which acknowledged the receipt of $45 in payment thereof, and which provided that upon the payment of $100 a deed would be made, as a written agreement concerning the sale of land, and did not err in hearing parol evidence for the purpose of explaining an ambiguity therein.

5. There was not, for any reason assigned, any error in the instructions of which complaint is made in the 12th, 13th, and 14th grounds of the motion for a new trial.

6. Where an alleged contract for the sale of lands rests solely upon a parol agreement, the terms of the agreement must be proved beyond a reasonable doubt, and on the trial of such a case the jury should be so instructed. Where the contract rests upon a writing clear and definite, this rule does not apply. There was therefore no error in the instruction of which complaint is made in the 15th ground of the motion for a new trial.

7. In the absence of an appropriate and timely written request a trial judge is not required to draw the attention of the jury specially to a particular circumstance favorable to the contentions of one or the other of the parties.

8. A new trial will not be granted for a slight error in the admission of evidence, when it is obvious that the evidence, though irrelevant, was harmless.

(a) The following testimony: " I was pastor at Devereux Mission Church. It is an African Methodist Church. It operates under the Episcopal Methodist Church of Ohio. This is a branch of that Church," was not inadmissible upon the grounds that it was merely a conclusion of the witness, nor subject to the objection that it was not the best evidence of the fact sought to be proved. Each statement made by the witness was one of fact.

(b) The testimony, "We were operating under the African Methodist Episcopal Church — under its usages and laws," was not subject to objection as a mere conclusion of the witness, nor was the same irrelevant in this case.

(c) A court of review can not consider an objection to the admission of evidence for the first time raised upon review at the hearing of a motion for new trial, but not raised in the trial itself.

(d) The exception presented in ground 19 (a) of the motion for a new trial was properly overruled, in that it did not relate to the case then on trial. The pending action was brought by the plaintiff, and it does not appear that the plaintiff had at any time — and certainly not in the pending suit — to institute any action as that referred to by the defendant in his objection.

9. Where the plaintiff alleges in its petition that it is a corporation, the defendant must file a plea of no such corporation before the plaintiff is required to introduce its charter or otherwise establish its corporate existence. Therefore, in the present case, what

purports to be a charter of a religious organization, signed by the secretary of State of Ohio was not inadmissible, where the only objection to the introduction of such writing was "that the same was not properly certified as required by law for its admission, no seal of the State of Ohio being affixed thereto, nor the official authority of the purported officer certifying same shown to its authenticity or make its admission as evidence legal." "Whether a name imports a corporation should, as a general rule, be left to judicial knowledge. If the name is manifestly religious, charitable, or educational, . . it should import a corporation, and of such the court will take judicial knowledge." *Saint Cecilia's Academy* v. *Hardin,* 78 *Ga.* 39 (2), 42 (3 S. E. 305). " A corporation, in an action on contract, need not set out in the declaration how or by what authority it was incorporated, nor aver itself to be a corporation." . The existence of the corporation can only be denied by a plea of nul tiel corporation. *Wilson* v. *Sprague Machine Co.,* 55 *Ga.* 672-3; Bennington Iron Co. v. Rutherford, 18 N. J. L. (3 Har.) 105, 158 (35 Am. D. 528).

10. In a motion for a new trial based upon the ground of alleged newly discovered evidence, it must be shown that the exercise of ordinary diligence before the trial could not have discovered what was found out after the trial. Post mortem zeal and earnestness is not, in the eyes of the law, a substitute for ante mortem diligence.

11. The fact of agency can not be proved by the mere declaration of one claiming to be such agent. Under the facts of this case the court properly excluded the letter offered in evidence, for the reason that it did not appear that the attorney and witness had ever represented either party to the pending action.

12. The following testimony: " I know where the Devereux Mission Church is. I am steward and head trustee of the board. I was steward and trustee at that time. I am trustee of the Devereux Mission Church known as Ward's Chapel. I was elected trustee of the Devereux Mission Church. We keep minutes of the election. My daughter, Carrie, kept them. I was elected trustee every year. Yes, I was trustee for the Devereux Mission congregation," was not subject to objection because irrelevant. It was a statement of facts, and not a conclusion of the witness. Even if a part of this testimony be objectionable upon the grounds of irrelevancy, and some upon the ground that it is not the best evidence, the trial judge did not err in overruling the objection, since it was made en bloc, and was not sustainable as to the testimony quoted as a whole.

No. 3242. FEBRUARY 14, 1923. REHEARING DENIED FEBRUARY 20, 1923.

Specific performance. Before Judge Park. Hancock superior court. April 24, 1922.

*Sibley & Sibley,* for plaintiff in error.

*R. L. Merritt* and *T. M. Hunt,* contra.

RUSSELL, C. J. At the previous appearance of this case before this court (*Bass* v. *African Methodist Episcopal Church,* 150 *Ga.* 452, 104 S. E. 437) Mr. Justice George made a full statement of

the contents of the petition, thus obviating at this time any further reference to that. The case was then before the court on the demurrers, general and special; and since it was then ruled that the description of the land as contained in the sixth paragraph of the petition was sufficient, that ruling is the law of this case, and has a controlling effect upon several of the exceptions contained in the present record. The sixth paragraph of the petition is substantially set forth in the opinion in *Bass* v. *African Methodist Episcopal Church,* supra. This paragraph purports to set forth the entire contract, including the description of the land and the terms of the payment therefor; and the express and unequivocal ruling of the court in 150 *Ga.* 452, second headnote, " that under the allegations of the petition the contract which the plaintiff seeks to have specifically performed is certain and definite in all the particulars essential to its enforcement," absolutely prevents any further cavil upon that point. This prior ruling of the Supreme Court also authorized the trial judge, in the trial now sub judice, to instruct the jury that if they found from the evidence that the allegations of the sixth paragraph were supported, the plaintiff would be entitled to a recovery. When the case was here before, the action was classified and construed as " an action for specific performance of a contract," holding, impliedly at least, that the written receipts given by Bass excluded this case from that class of cases in which a mere parol agreement is sought to be enforced. Furthermore, when this case was previously here the right of the plaintiff to maintain the action as a corporation was raised; and this court held, quoting from Smith *v.* Weed Sewing Machine Co., 26 Ohio St. 562, that " a foreign corporation suing in the courts of this State is not required to set out in the petition the terms of its charter showing its capacity to maintain the action." And in consequence this court also held that " the contract and the writings set out in the petition were adequate to create and declare a trust; that the trust had become executed; that the legal title had passed, by operation of law, into the plaintiff. . . So far as the defendant is concerned it is immaterial whether the corporation had power under its charter to acquire and hold land."

When the case was here before, the plaintiff in error raised the point that a corporation created and existing under the laws of

the State of Ohio, could not maintain the action, upon the ground that the petition did not set out the charter powers of the corporation. In ruling upon this point, the court distinguished the present case from that of *Carver Cotton Gin Co.* v. *Barrett,* 66 *Ga.* 526, and held that, in addition to such powers as may be expressly granted by its charter, all corporations have "powers that are reasonably necessary or proper for the execution of the powers that are expressly granted, provided such powers are not withheld," and that "the implied power to acquire and hold real and personal property is incidental to corporations." And after the citation of numerous authorities which draw distinctions between incidental and essential powers of corporations, this court held, that "it would seem more logical to presume that any contract of a corporation, whether for the purchase of land or personalty, is within the legitimate scope and purpose of the corporation until the contrary appears." When this case was here before, this court (after citing approvingly from Smith v. Weed Sewing Machine Co., supra, New State Land Co. v. Wilson, (Tex. Civ. App.) 150 S. W. 253 (2); Bank of Augusta v. Earle, 13 Peters, 521, 10 L. ed. 274) also held: "When a foreign corporation brings an action in the courts of another State, it is not necessary that its charter should be set forth in the declaration." When the case was here before, construing the sixth and seventh paragraphs of the petition together, it was held that "it is apparent that the plaintiff was, under the rule in this State, clothed with a perfect equity equivalent to a legal title." "The contract and the writings set out in the petition were adequate to create and declare a trust; that the trust had become executed; that the legal title had passed by operation of law into the plaintiff. If this reasoning be sound, then, so far as the defendant is concerned, it is immaterial whether the corporation had power under its charter to acquire and hold land." And finally the court said, "We do not, however, place our ruling that the plaintiff, an Ohio corporation, may maintain the present action upon the narrow ground indicated above. We hold broadly that a corporation chartered under the laws of a sister State, suing in the courts of this State, is not required to set out in the petition the terms of its charter showing its capacity to maintain the action." The court further held (p. 458) that the precise description of the land is certain and unequivocal in all its es-

sential terms, or can be rendered so by a survey. "A surveyor would have no difficulty in locating such point [of beginning] from the description given in the contract, with the aid of competent extrinsic evidence."

When the case was here before, nothing was presented for review except the rulings of the trial judge upon the demurrers, general and special. There was no reference in the bill of exceptions at that time to certain pleas in abatement, or to rulings upon them which are now sought to be reviewed in the present bill of exceptions. It appears from the record in this case that the exceptions to the rulings of the lower court upon these pleas in abatement were preserved pendente lite on March 16, 1919, which was prior to the filing of the former bill of exceptions which sought to review the judgments upon demurrer.

1. It appears from the record that before the present bill of exceptions was sued out, the defendant had already preserved by proper exceptions pendente lite the exceptions to the overruling of his pleas in abatement, and to the judgment of the court upon such pleas. We are of the opinion that in no case is this court required to investigate the merits of an exception which was pending prior to a bill of exceptions in which the point could have been presented long before the time when it was presented, and especially in a case which was previously brought before this court, in which the rulings upon demurrers were assailed, and when at the same time rulings on pleas in abatement could have been considered. There must be an end of litigation; and we hold that in a case where the rulings of the lower court have been preserved by exceptions pendente lite, and a party desires to except to any ruling controlling in the case rather than wait until the conclusion of the case, and embodying all such matters in a final bill of exceptions, if he prefers to present *one* exception pendente lite he must present all such similar exceptions then of file in the case at the same time. In other words, as has heretofore been said by one of the Judges of this court, the court will not undertake to take two or three bites at the same cherry, in the present congested state of litigation in this State. We will not undertake to try a case by piecemeal. This is said bearing in mind that litigants have the right, by a statute, to present for review any ruling or judgment that might be conclusive in the case, that is, any ruling of the lower court,

which, had the ruling been contrary to that rendered, would have terminated the case. For the reason just stated, the rulings of the judge upon the pleas in abatement would have been just as conclusive as the rulings upon the demurrers presented in the former bill of exceptions in  this case. Under the ruling in *Perry* v. *McLendon, 62 Ga.* 598, it appears to us that the failure in this case to present the ruling upon the pleas in abatement in the first bill of exceptions filed by the defendant (*Bass* v. *African Methodist Episcopal Church,* supra) bars the defendant from presenting the point in a later bill of exceptions; for the reason that a plea of res adjudicata extends not only to what was actually presented, but to what might, could, or should have been presented. As Judge Bleckley said in *Daniel* v. *Towers, 79 Ga.* 785, "It will not do to allow him to bring up his case in sections, whether there is a trial of it by a court divided in sections or not; he must bring up his whole case as he expects to stand upon it for all time; and if he does not do it, neither he nor his friends can repair the error afterwards." Again, in *Perry* v. *McLendon,* supra, Judge Bleckley said, "No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and, if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case, and not certain of its limbs only, that the final judgment takes hold upon." And so a party who asks from this court a review of the judgment of a lower court upon points preserved by exceptions pendente lite must present all of such exceptions then pending together and in the first bill of exceptions, or be barred from thereafter presenting the case by piecemeal.

2.   The fourth, fifth, sixth, seventh, eighth, and ninth grounds of the motion for a new trial are exceptions to the charge of the court, which we hold to be entirely without merit; and as a lengthened review of these grounds would serve no purpose useful to the courts or to the profession, we shall not elaborate what is ruled in the headnote.

3.   In the tenth ground of the motion for a new trial it is alleged that the judge charged as follows: "There has been something said in regard to a former suit in reference to the property now in controversy. I charge you that whatever may have been the result of a former suit in reference to the property in controversy

should have no influence on the minds of the jury in reaching a verdict in this case; except the jury would have a right to take into consideration any evidence sworn to by any witness in a former suit, in passing on the credibility of the witness that has been sworn in this case. But whatever may have been the result of the trial of that case, or the disposition of that case, touching the property now in controversy, should not affect the jury whatever in reaching a verdict in this case." This instruction is alleged to be erroneous, because (a) It prejudiced the right of the defendant to estop the plaintiff who brought the former suit in the name of Devereux Mission Church as owner of the land, against the contract on which the present suit was based, by proving the same. (b) It limited the effect of the former inconsistent position from this one taken by the same parties — only in a different name — to the injury of defendant's contention. (c) Such charge minimized and prejudiced the minds of the jury, and expressed an opinion against the testimony of defendant and his witnesses showing that these same parties in reference to this same property, in negotiating over the former suit, admitted they had no survey of the land and no lines had been made thereof. (d) This was unauthorized by the evidence, and highly prejudicial and harmful to the defendant.

There is no merit in any of these exceptions. It will be noticed from the charge that the court confined his instructions to the *result* of the former suit, and the result of the former trial. Assignment of error (a) complains that the charge prejudiced the right of the defendant to estop the plaintiff who brought the former suit, etc. This exception is based upon a misconception, because in ruling upon the pleas in abatement the court had decided, and we think rightly, that the plaintiff did not bring the former suit. And for the same reason there is no merit in exceptions (b) and (c). As to (c), even if there was evidence in behalf of the defendant tending to show that there had been litigation between the same parties it could have been excluded by a mere motion, and for no reason would the judge be prevented from charging the law of the case as contained in his prior adjudication upon the special plea in abatement, that there had never been any prior litigation on the part of the present plaintiff. As to exception (d) we hold that the charge was neither unauthorized

by the evidence, nor prejudicial, nor harmful to the defendant.

4. As to the exception contained in the 11th ground we hold: (*a*) That the charge was applicable to the evidence. (*b*) It was a correct statement of the law. (*c*) It was not argumentative. As to (*d*): The objection that the suit was based on a parol contract for land might be sustained if the papers introduced in evidence were mere receipts; but in our opinion the receipt for $45 was properly construed by the judge as an ambiguous written contract. It was executed by the defendant, Bass, long before the suit was filed, and therefore the nature of the case was not affected, even though there were a prior parol contract with reference to the land. When this case was here before (*Bass* v. *African M. E. C.,* supra), although it was stated that it is not alleged in the petition whether the contract was in writing or rested alone in parol, it was construed as an action for specific performance of a contract, and the use of the word " contract " generally implies that the agreement has been reduced to writing. However, aside from what was said by the court at that time, if it be said that what was then said was obiter, we now coincide with the opinion of the trial judge that the writing containing a receipt for $45, to which we have referred, was a written contract for the sale of certainly specified land which was definitely described.

5. There was not, for any reason assigned, any error in the instructions of which complaint is made in the 12th, 13th, and 14th grounds of the motion for a new trial.

6. In the 15th ground the plaintiff in error insists that the court erred in failing to charge that the proof necessary to sustain specific performance of a parol contract for land should be established beyond a reasonable doubt, for the reason that the proof showed that the contract was in parol. While we grant that the rule that the terms of a parol contract for land must be proved beyond a reasonable doubt, having held that this contract was in writing as embodied with the receipt of the $45, the judge should not have charged otherwise than as he did.

7. The 16th ground of the motion for a new trial complains that the trial judge did not instruct the jury as to one particular circumstance which was favorable to the defendant. But it was not error for the court to omit reference to this particular circumstance, in the absence of an appropriate written request. Further-

more, the relevancy of this testimony can not be determined without reference to the brief of evidence; and therefore the assignment of error is too incomplete to require consideration.

8. The assignments of error presented in the 17th, 18th, and 19th grounds of the motion for a new trial, as well as 19(a), are sufficiently dealt with in the 8th headnote. The court did not err in admitting the extract from the book entitled "A. M. E. Discipline," for there is no possibility that the extract admitted in evidence could have been harmful to the defendant, even if it be conceded that the contents of the extract were irrelevant.

9. It is averred in the 20th ground of the motion for a new trial that the court erred in admitting a purported copy charter of the plaintiff, over objection that it was not properly authenticated, certified and proved, for the reason that no certificate of authority appeared of the officer, Harvey C. Smith, whose name purported to be affixed thereto, and that no seal of the State of Ohio, was attached to the copy, showing its authenticity. Articles of incorporation are fully set out in the record and certified before a notary public of Green County, Ohio, and the certificate of the Secretary of State is as follows: " I, Harvey C. Smith, Secretary of State of the State of Ohio, do hereby certify that the foregoing is an exemplified copy, carefully compared by me with the original record now in my official custody as Secretary of State, and found to be true and correct of the articles of incorporation of the African Methodist Episcopal Church." The assignment of error is that the court erred in admitting said charter in evidence, because the same was not properly certified as required by law for its admission, no seal of the State of Ohio being affixed thereto, nor the official authority of the purported officer certifying the same showing its authenticity or making its admission as evidence legal. We do not think the court erred in admitting the charter as certified; and certainly not in the absence of any proof that under the law of Ohio it was required that the Secretary of State, in certifying to the contents and powers conveyed by charter to a private corporation, affix the seal of the State of Ohio to his certificate, and also proof of some law of the State of Ohio that the official authority of the Secretary of State to certify the authenticity did not exist. Neither the lower court nor this court is required to take judicial cognizance of the laws of another State as to these points.

10. There is no merit in the ground of the motion based upon alleged newly discovered testimony. An examination of the record discloses that the exercise of a very small degree of diligence would have obviated the necessity of any diligence at all post mortem.

11. Nor did the court err in excluding the following letter: "Mr. W. A. Bass, Devereux, Ga. Dear Sir: Representing the African Methodist Church, I beg to call your attention to your bond to execute title to the Church of two acres of land, on the payment of $100. I now have this money in hand and am ready to make payment to you, and beg that you come in, as they are anxious to have this matter closed. Your attention to this will greatly oblige. Yours very truly, Burwell & Fleming, By W. H. Burwell." Even if the assignments of error were sufficient to present anything for the consideration of this court, the exceptions are based upon a misconception of the case and of the evidence, and are not sustained by the contents of the letter itself. The testimony shows that Mr. Burwell did represent the trustees for the Devereux church in a different case; but his statement that he represents the African Methodist Church certainly would not bind that church. It is well settled that it requires something more than a mere declaration of a person that he is the agent of another, to create him the agent of that other. The mere fact that there was no proof that the writer of the letter was an agent of the African Methodist Church, other than the declaration contained in the letter, would be sufficient reason for excluding it. But conceding, for the sake of the argument, that Mr. Burwell was, as insisted by counsel for plaintiff in error, the representative of the church, the offer to pay $100 is necessarily an admission that the trustees of this negro church had not paid the balance of the $100 which was due on the purchase-price of the land. The evidence shows that the home of the plaintiff corporation is in the State of Ohio. It is inferable from the letter itself that they may have sent $100 to Burwell, preferring to again pay the sum of $100 which had already been paid by the negroes in Hancock county, rather than be involved in the worry, expense, and delay of litigation.

The third exception to the exclusion of the letter assumes that it should have been admitted because the attorney as a witness had testified that as an attorney he had represented the Devereux

Mission Church, which the lower court and this court held was not the same party as the African Methodist Episcopal Church North.

12. In the 23rd ground of the motion for a new trial it is insisted that the court erred in permitting Joe Hardin to testify that he was a steward and head trustee of Devereux Mission Church, known as Ward's Chapel,. that he was elected trustee and was elected every year, and that his daughter, Carrie, kept minutes of the election, over objection that the minutes of the trustees and stewards was the best evidence, and that the testimony was a conclusion of the witness and irrelevant. We do not see how this testimony could have harmed the defendant in the court below. But the statement of the witness that he was trustee and steward, and head trustee of the Devereux Mission Church, was not opinionative, but a statement of a fact; and we do not think it was error for the court to allow him to testify that he was elected trustee every year. The fact that his daughter kept minutes of the election, in our opinion, did not prevent the witness from stating the official character in which he acted with reference to the minutes.

The verdict reached is sustained by the evidence. It was a verdict rendered apart from and above natural racial prejudice. It was free from any legal error; and the order overruling the motion for a new trial was a legal conclusion of the litigation, and should be affirmed.

*Judgment affirmed. All the Justices concur.*